IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNN ALAN PADGETT, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION NO. 4:CV-05-1738 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| Superintendent EDWARD KLEM, et al., | : | |
| | : | |
| Respondents | : | |

**O R D E R**

January 29, 2007

Petitioner, Lynn Alan Padgett, filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of

Common Pleas for Bradford County, Pennsylvania. (Doc. 1). On April 7, 2006, a

response to the petition was filed. (Doc. 14). Respondents argue that the petition

should be dismissed for Plaintiff's failure to exhaust state court remedies. This Court,

however, finds that the statute of limitations bars consideration of the petition.

Because the district court raises *sua sponte* the statute of limitations bar, Petitioner will

be granted an opportunity to argue in favor of the timeliness of his petition.

**Background**

On January 8, 1998, Padgett entered a guilty plea of two counts of Involuntary

Deviate Sexual Intercourse and one count of Rape in the Bradford County Court of Common Pleas.  (Doc. 25, Ex. 2, Memorandum Opinion of the Superior Court of Pennsylvania dated October 10, 2001).  The crimes to which he pled guilty were separate crimes, having occurred in Lycoming and Bradford Counties.  Id.  On March 5, 1998, Padgett received an aggregate sentence of five years to life imprisonment.  Id.

  On direct appeal, the Pennsylvania Superior Court vacated Padgett's sentence based on <u>Commonwealth v. Williams,</u> 557 Pa. 285, 733 A.2d 593 (1999) and <u>Commonwealth v. Halye</u>, 719 A.2d 763 (Pa. Super. 1998).[1]  (Doc. 18-2, Opinion of the Superior Court of Pennsylvania dated July 15, 1999) On remand, the trial court sentenced Padgett on October 7, 1999 to five to ten years for the rape charge, the new sentence to run consecutively to the sentence on the two counts of Involuntary Deviate Sexual Intercourse.  (Doc. 18-1, Bradford County Court of Common Pleas Docket Sheet).  No direct appeal to the Superior Court of Pennsylvania was filed.

    On October 14, 1999, Padgett filed a motion to withdraw his guilty plea in the Bradford Court of Common Pleas.  Id.  A hearing was held on November 2, 1999, and the trial court denied Padgett's motion.  Id.  On December 28, 1999, Padgett filed an

---

[1] These two decisions struck down as unconstitutional the provisions of 42 Pa.C.S.A. §§ 9791-9799.6 (Megan's Law) under which appellant had been designated as a sexually violent predator and therefore subject to life imprisonment.

appeal to the Pennsylvania Superior Court. Id. On March 30, 2000, the Superior Court quashed the appeal, *sua sponte*, as untimely. (Doc. 20-2, Superior Court Order dated March 30, 2000).

On October 12, 2000, Padgett filed a *pro se* motion to vacate his sentence, based on improper jurisdiction and venue of the trial court. (Doc. 20-1, Bradford County Docket Sheet). On October 16, 2000, the trial court denied this motion as untimely filed. Id. On October 25, 2000, Petitioner filed a direct appeal raising jurisdictional issues. Id. On October 10, 2001, the Superior Court affirmed the judgment of sentence. (Doc. 18-2, Superior Court Memorandum Opinion dated October 10, 2001). A petition for allowance of appeal to the Pennsylvania Supreme Court was filed on November 13, 2001 and determined by the Pennsylvania Supreme Court to be untimely filed. (Doc. 19-1, letter from Pennsylvania Supreme Court). Petitioner then filed a petition for leave to file a petition for allowance, *nunc pro tunc*, which was denied on October 8, 2002, by the Pennsylvania Supreme Court. (Doc. 19-1, Pennsylvania Supreme Court Order dated October 8, 2002).

On January 20, 2003, Padgett filed a document entitled "Motion to Dismiss Due to Violation of Constitutional Rights and Rule 600, Speedy Trial Act," in the Lycoming County Court of Common Pleas. (Doc. 20-2, motion). By Order dated

3

February 21, 2003, the Lycoming Court transferred Padgett's motion to the Bradford County Court of Common Pleas, finding that the charges complained of were filed in Bradford County.  (Doc. 20-3, Order dated February 21, 2003).

By Order dated March 21, 2003, the Bradford Court of Common Pleas treated Padgett's motion to dismiss as a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546, and directed that Padgett file an amended PCRA petition within twenty days of the date of the Court's Order. (Doc. 20-1, Order dated March 21, 2003).  On April 30, 2003, Padgett filed an amended PCRA petition. (Doc. 20-1, PCRA petition).  On May 5, 2003, the trial court issued an order, giving Padgett notice of its intent pursuant to Pa.R.Crim.P. 907 to dismiss the petition as untimely pursuant 42 Pa. C.S.A. § 9545(b)(1) and appointing counsel for Padgett.  (Doc. 20-1, Order dated May 5, 2003).  On May 26, 2003, Padgett's counsel filed a "no merit" letter, concluding that Petitioner's issues were meritless.  (Doc. 19-1, letter dated May 26, 2003).  Counsel also sought leave to withdraw. (Doc. 19-1, Motion to Withdraw).   On May 30, 2003, the trial court dismissed Padgett's PCRA petition.   (Doc. 20-1, Order dated May 30, 2003). However, on June 6, 2003, the trial court, having recognized that it failed to provide Padgett with notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P.

4

907, vacated its May 30, 2003 Order, and again dismissed the PCRA petition and provided Padgett with notice pursuant to Pa.R.Crim.P. 907. (Doc. 25, Ex. 13, Order dated June 6, 2003).  By Order dated June 11, 2003, the Bradford County Court permitted the Bradford County Public Defender's Office to withdraw as counsel and notified Padgett that he could proceed *pro se.*  (Doc. 20-1, Bradford County Docket Sheet).

On June 25, 2003, Petitioner filed a notice of Appeal with the Pennsylvania Superior Court.  (Doc. 20-2, Notice of Appeal).  On June 10, 2004, the Pennsylvania Superior Court, determining that Padgett's judgment of sentence became final on November 9, 2001, found that Petitioner's PCRA petition, filed on February 21, 2003[2], was properly dismissed by the trial court as untimely filed.  (Doc. 19-2, Superior Court Memorandum Opinion dated June 10, 2004).  Petitioner subsequently filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 15, 2005.  (Doc. 19-1, Supreme Court Order dated March 15, 2005).

On August 25, 2005, Padgett filed the instant petition for writ of habeas corpus in which he raises various challenges to his conviction and sentence .  (Doc. 1,

---

[2]Padgett's motion, initially filed with the Lycoming County Court of Common Pleas was considered filed in Bradford County on the same date that it was erroneously filed in the Lycoming County Court--February 21, 2003– and treated as Petitioner's first PCRA petition.

petition, Doc. 6, amended petition).  In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Padgett that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or  withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").  (Doc. 4).  On September 29, 2005, Padgett filed an amended petition indicating that he wished to proceed with his petition for writ of habeas corpus as filed, as well as include the matters raised in his amended petition.  (Doc. 6).  Thus, a Show Cause Order was issued on October 20, 2005.  (Doc. 7).  On April 7, 2006, the District Attorney of Bradford County filed a response to the petition.  (Docs. 16-20 ). Petitioner filed a traverse on June 26, 2006.  (Doc. 24).

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  <u>The</u>

6

> limitation period shall run from the latest of - (A) the date
> on which the judgment became final by the conclusion of
> direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application
> for State post conviction or other collateral review with
> respect to the pertinent judgment or claim is pending shall
> not be counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d.

153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), the period

of time for filing a habeas corpus petition begins to run when direct review processes

are concluded.  See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he

AEDPA provides that upon conclusion of direct review of a judgment of conviction,

the one year period within which to file a federal habeas corpus petition commences,

but the running of the period is suspended for the period when state post-conviction

proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson,

159 F.3d 914, 916 (5ht Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226

(10th Cir. 1998).  It is not the conclusion of state post-conviction collateral review

processes that starts the running of the limitations period.  See Bunnell v. Yukins, No.

00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to

Petitioner's assertion, the limitations period did not begin to run anew after the

completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The Petitioner in the instant matter was resentenced on October 7, 1999 in the

8

Court of Common Pleas for Bradford County.  Although no direct appeal was taken

from Petitioner's resentencing, it is apparent from the Pennsylvania Superior Court's

June 10, 2004 Memorandum Opinion that the Court considered Petitioner's October

12, 2000 *pro se* motion to vacate his sentence as a direct appeal and determined that

his judgement of sentence became final on November 9, 2001, thirty days after the

Superior Court affirmed the judgment of sentence.[3]  (See Doc. 19-2, copy of Superior

Court's June 10, 2004 Order).  Thus, the limitations period for filing a §2254 petition

commenced on November 9, 2001, giving Petitioner until November 9, 2002[4], to file

his federal petition, absent statutory or equitable tolling[5] of the period.  However,

Padgett did not commence the instant proceeding until August 25, 2005, almost three

---

[3] In Pennsylvania, the statutory period tolled is for the thirty days in which the defendant can seek allowance of appeal from the Pa. Supreme Court, even if no allowance is sought.  Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

[4]Even if this Court were to calculate the one year period of limitations from the October 8, 2002, date of the Pennsylvania Supreme Court's denial of Petitioner's leave for allowance of appeal from his motion for modification of sentence, the petition would still be time barred.  Although this document is contained in this Court's record, the Pennsylvania Superior Court's June 10, 2004 Opinion states that no such document was revealed in their record.  As such, the date of the Supreme Court's denial of the petition of allowance, nunc pro tunc, was not used in determining the date that Petitioner's judgment became final.  (See Doc. 19-2, copy of Superior Court Memorandum Opinion dated June 10, 2004, at p. 2).

[5] The limitations period is tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). However, because Padgett's PCRA petition, filed well after the November 9, 2002 deadline, was not a properly filed petition, statutory tolling is not applicable.

9

years after the expiration of the statue of limitations.  It thus appears that Padgett's §

2254 petition is time-barred.

The United State Court of Appeals for the Third Circuit recently held that a

district court has the authority in 2254 proceedings to raise the statute of limitations

sua sponte after a respondent has filed an answer as long as the petitioner is given

notice of the court's intent to deny the petition on limitations grounds and an

opportunity to respond to the court's analysis.  See United States v. Bendolph, 409

F.3d 155, 2005 WL 1134860, at *9-10 (3d Cir. 2005)(en banc).  It is also relevant

whenever a  petitioner has suffered any prejudice from the court's raising of the issue.

Id.  Thus, the Petitioner will be given an opportunity to show why his petition should

not be dismissed as untimely.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   Petitioner is granted twenty (20) days from the date of this
     order to show cause why his petition should not be
     dismissed as barred by the statute of limitations.

2.   Respondents are granted fifteen (15) days from the date of
     Padgett's response to file a reply.

3.   Petitioner's pending motions for summary judgment and to

10

compel discovery (Docs. 14, 21) are **DISMISSED** as

**MOOT**.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge