UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYN ALAN PADGETT, | : |
| Petitioner | : CIVIL ACTION NO. 4:CV-05-1738 |
| v. | : (Judge Jones) |
| Superintendent EDWARD KLEM, et al., | : |
| Respondents | : |

**MEMORANDUM**

April 26, 2007

Petitioner, Lynn Alan Padgett, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Bradford County, Pennsylvania. (Doc. 1). On April 7, 2006, a response to the petition was filed. (Doc. 14). Respondents argue that the petition should be dismissed for Plaintiff's failure to exhaust state court remedies. This Court, however, finds that the statute of limitations bars consideration of the petition. For the reasons that follow, the petition will be dismissed as untimely.

**Background**

On January 8, 1998, Padgett entered a guilty plea of two counts of Involuntary

Deviate Sexual Intercourse and one count of Rape in the Bradford County Court of Common Pleas. (Doc. 25, Ex. 2, Memorandum Opinion of the Superior Court of Pennsylvania dated October 10, 2001). The crimes to which he pled guilty were separate crimes, having occurred in Lycoming and Bradford Counties. Id. On March 5, 1998, Padgett received an aggregate sentence of five years to life imprisonment. Id. On direct appeal, the Pennsylvania Superior Court vacated Padgett's sentence based on Commonwealth v. Williams, 557 Pa. 285, 733 A.2d 593 (1999) and Commonwealth v. Halye, 719 A.2d 763 (Pa. Super. 1998).[1] (Doc. 18-2, Opinion of the Superior Court of Pennsylvania dated July 15, 1999) On remand, the trial court sentenced Padgett on October 7, 1999 to five to ten years for the rape charge, the new sentence to run consecutively to the sentence on the two counts of Involuntary Deviate Sexual Intercourse. (Doc. 18-1, Bradford County Court of Common Pleas Docket Sheet). No direct appeal to the Superior Court of Pennsylvania was filed.

On October 14, 1999, Padgett filed a motion to withdraw his guilty plea in the Bradford Court of Common Pleas. Id. A hearing was held on November 2, 1999, and

---

[1] These two decisions struck down as unconstitutional the provisions of 42 Pa.C.S.A. §§ 9791-9799.6 (Megan's Law) under which appellant had been designated as a sexually violent predator and therefore subject to life imprisonment.

the trial court denied Padgett's motion. Id. On December 28, 1999, Padgett filed an appeal to the Pennsylvania Superior Court. Id. On March 30, 2000, the Superior Court quashed the appeal, sua sponte, as untimely. (Doc. 20-2, Superior Court Order dated March 30, 2000).

On October 12, 2000, Padgett filed a pro se motion to vacate his sentence, based on improper jurisdiction and venue of the trial court. (Doc. 20-1, Bradford County Docket Sheet). On October 16, 2000, the trial court denied this motion as untimely filed. Id. On October 25, 2000, Petitioner filed a direct appeal raising jurisdictional issues. Id. On October 10, 2001, the Superior Court affirmed the judgment of sentence. (Doc. 18-2, Superior Court Memorandum Opinion dated October 10, 2001). A petition for allowance of appeal to the Pennsylvania Supreme Court was filed on November 13, 2001 and determined by the Pennsylvania Supreme Court to be untimely filed. (Doc. 19-1, letter from Pennsylvania Supreme Court). Petitioner then filed a petition for leave to file a petition for allowance, nunc pro tunc, which was denied on October 8, 2002, by the Pennsylvania Supreme Court. (Doc. 19-1, Pennsylvania Supreme Court Order dated October 8, 2002).

On January 20, 2003, Padgett filed a document entitled "Motion to Dismiss Due

3

to Violation of Constitutional Rights and Rule 600, Speedy Trial Act," in the Lycoming County Court of Common Pleas. (Doc. 20-2, motion). By Order dated February 21, 2003, the Lycoming County Court transferred Padgett's motion to the Bradford County Court of Common Pleas, finding that the charges complained of were filed in Bradford County. (Doc. 20-3, Order dated February 21, 2003).

By Order dated March 21, 2003, the Bradford County Court of Common Pleas treated Padgett's motion to dismiss as a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546, and directed that Padgett file an amended PCRA petition within twenty days of the date of the Court's Order. (Doc. 20-1, Order dated March 21, 2003). On April 30, 2003, Padgett filed an amended PCRA petition. (Doc. 20-1, PCRA petition). On May 5, 2003, the trial court issued an order, giving Padgett notice of its intent pursuant to Pa.R.Crim.P. 907 to dismiss the petition as untimely pursuant 42 Pa. C.S.A. § 9545(b)(1) and appointing counsel for Padgett. (Doc. 20-1, Order dated May 5, 2003). On May 26, 2003, Padgett's counsel filed a "no merit" letter, concluding that Petitioner's issues were meritless. (Doc. 19-1, letter dated May 26, 2003). Petitioner's court appointed counsel also sought leave to withdraw. (Doc. 19-1, Motion to Withdraw). On May

4

30, 2003, the trial court dismissed Padgett's PCRA petition. (Doc. 20-1, Order dated May 30, 2003). However, on June 6, 2003, the trial court, having recognized that it failed to provide Padgett with notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P. 907, vacated its May 30, 2003 Order, and again dismissed the PCRA petition and provided Padgett with notice pursuant to Pa.R.Crim.P. 907. (Doc. 25, Ex. 13, Order dated June 6, 2003). By Order dated June 11, 2003, the Bradford County Court permitted the Bradford County Public Defender's Office to withdraw as counsel and notified Padgett that he could proceed pro se. (Doc. 20-1, Bradford County Docket Sheet).

On June 25, 2003, Petitioner filed a notice of Appeal with the Pennsylvania Superior Court. (Doc. 20-2, Notice of Appeal). On June 10, 2004, the Pennsylvania Superior Court, determining that Padgett's judgment of sentence became final on November 9, 2001, found that Petitioner's PCRA petition, filed on February 21, 2003[2], was properly dismissed by the trial court as untimely filed. (Doc. 19-2, Superior Court Memorandum Opinion dated June 10, 2004). Petitioner subsequently filed a petition

---

[2]Padgett's motion, initially filed with the Lycoming County Court of Common Pleas was considered filed in Bradford County on the same date that it was erroneously filed in the Lycoming County Court-- February 21, 2003– and treated as Petitioner's first PCRA petition.

for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 15, 2005. (Doc. 19-1, Supreme Court Order dated March 15, 2005).

On August 25, 2005, Padgett filed the instant petition for writ of habeas corpus in which he raises various challenges to his conviction and sentence . (Doc. 1, petition, Doc. 6, amended petition). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Padgett that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 4). On September 29, 2005, Padgett filed an amended petition indicating that he wished to proceed with his petition for writ of habeas corpus as filed, as well as include the matters raised in his amended petition. (Doc. 6). Thus, a Show Cause Order was issued on October 20, 2005. (Doc. 7). On April 7, 2006, the District Attorney of Bradford County filed a response to the petition. (Docs. 16-20 ). Petitioner filed a traverse on June 26, 2006. (Doc. 24).

By Order dated January 29, 2007, this Court, determined that the statute of limitations bars consideration of the petition. (Doc. 31). Thus, pursuant to <u>United States v. Bendolph</u>, 409 F.3d 155, 2005 WL 1134860, at *9-10 (3d Cir. 2005)(en banc), the Court notified Petitioner of its intent to dismiss the petition as statutorily barred, and granted Petitioner an opportunity to show cause why his petition should not be dismissed. (Doc. 31). On March 12, 2007, Petitioner filed a response to this Court's Order, (doc. 34), and on March 16, 2007, Petitioner filed a supplemental response. (Doc. 35).

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> ...
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

7

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5ht Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1)

8

year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The Petitioner in the instant matter was resentenced on October 7, 1999 in the Court of Common Pleas for Bradford County. Although no direct appeal was taken from Petitioner's resentencing, it is apparent from the Pennsylvania Superior Court's June 10, 2004 Memorandum Opinion that the Court considered Petitioner's October

9

12, 2000 pro se motion to vacate his sentence as a direct appeal and determined that his judgment of sentence became final on November 9, 2001, thirty days after the Superior Court affirmed the judgment of sentence.[3] (See Doc. 19-2, copy of Superior Court's June 10, 2004 Order). Thus, the limitations period for filing a 2254 petition commenced on November 9, 2001, giving Petitioner until November 9, 2002, to file his federal petition, absent statutory or equitable tolling[4] of the period. However, Padgett did not commence the instant proceeding until August 25, 2005, almost three years after the expiration of the statue of limitations. Thus, it thus appears that Padgett's § 2254 petition is time-barred by a wide measure.

Under the AEDPA, the habeas petition should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

The Third Circuit Court of Appeals has recently confirmed that only in

---

[3] In Pennsylvania, the statutory period is tolled for thirty days in which a defendant can seek allowance of appeal from the Pa. Supreme Court, even if no allowance is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

[4] The limitations period is tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, because Padgett's PCRA petition, filed well after the November 9, 2002 deadline, was not a properly filed petition, statutory tolling is not applicable.

"extraordinary" and "rare" circumstances may the one year filing period be equitably tolled. Lacava v. Kyler, 398 F.3d 271 (3d Cir. 2005). As the Court in Lacava held, to invoke the doctrine, a petitioner must show that

> the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims.

Id. at 275-76 (internal citations omitted) (emphasis in original).

In response to this Court's January 29, 2007 Order informing him that "the instant matter could be deemed untimely," Padgett argues that he is entitled to equitable tolling of the statute of limitations, because he has "exercised due diligence in fairly presenting his claims to the state courts", and that "any claim not fully exhausted is the result of extraordinary circumstances that prevented Petitioner from presenting such claim." (Doc. 34). Petitioner cites the following as "extraordinary circumstances":

1. Denial of Competent, Effective Assistance of Counsel, both Actual and Constructive for Petitioner's Defense. .
2. Counsel Labored Under a Conflict of Interest.
3. Trial Court's Abuse of Discretion.
4. The Prosecution Engaged in Prosecutorial Misconduct.
5. The Courts Below Abused Their Discretion.

11

      6.     Total Government Control Over These Proceedings.

(Docs. 34, 35). The Court's review of Petitioner's "extraordinary circumstances" reveals a mere reiteration of the claims and arguments in support thereof, raised by Petitioner in the instant petition for writ of habeas corpus, rather than an explanation of why Petitioner failed to file his federal habeas corpus petition within the appropriate statute of limitation. Thus, Padgett has not satisfied the stringent requirements for equitable tolling, as he presents no apparent justification for his failure to turn to the federal courts within a year after being denied relief in the state courts.

To the extent that Petitioner attempts to argue that he "is allowed 90 days to seek review from the United States Supreme Court before Petitioner must file a PCRA" and that "by accepting as true the (Pennsylvania Supreme Court) Order of Oct. 8, 2002, Petitioner's judgment was not final until Jan. 8, 2003" and Petitioner's PCRA petition filed on February 21, 2003, should have been deemed timely filed[5], thereby

---

[5]In Pace v. DiGugliemo, 125 S. Ct. 1807 (2005), which involved Pennsylvania's post-conviction review statute, the nation's High Court ruled that an untimely PCRA petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) so as to suspend the running of the habeas corpus limitations period. Id. at 1811. As the Third Circuit Court of Appeals recently observed, "[a]n untimely state petition for post-conviction relief cannot be 'properly filed' for purposes of § 2244(d)(2)." Satterfield v. Johnson, 434 F.3d 185, 194 (3d Cir. 2006) (citing Pace, 125 S. Ct. at 1811). Both the state trial court and the Pennsylvania Superior Court have determined that Padgett's PCRA petition filed in 2003 was untimely. These determinations are conclusive on the question of whether those state court applications were "properly filed" for purposes of § 2244(d)(2). See Evans v. Chavis, 126 S.Ct. 846, 850 (2006) (state

tolling the federal statute of limitations, (doc. 34, p. 3), such claim is without merit. The Supreme Court's Order of October 8, 2002, denied Petitioner's leave for allowance of appeal, nunc pro tunc. (Doc. 19-1, Pennsylvania Supreme Court Order dated October 8, 2002). However, the period is not tolled during the time a petition for allowance of appeal, nunc pro tunc, is pending in the Pennsylvania Supreme Court because such a petition is not procedurally proper under state law and hence not "properly filed" under section 2244(d)(2)). Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004). Thus, the Pennsylvania Superior Court properly determined that Petitioner's judgment of sentence was final on November 9, 2001, thirty days after the Superior Court affirmed the same. As such, the Court finds that there is no evidence of record to account for the delay in filing the instant petition for writ of habeas corpus, and that for all of the reasons stated herein equitable tolling is inapplicable.

---

court ruling that habeas petitioner's delay in seeking state court relief was unreasonable "'would be the end of the matter'") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Pace, 125 S.Ct. at 1812 ("When a post conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); Fountain v. Kyler, 420 F.3d 267, 272 n.3 (3d Cir. 2005) ("because the Superior Court found [Fountain's] second [PCRA] petition untimely, it was not 'properly filed' and thus did not serve to toll the running of the statute of limitations"). As explained in Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003), once the highest Pennsylvania court to address the matter rules that a PCRA petition is untimely, "it would be an undue interference for a federal district court to decide otherwise." Thus, the state court rulings that Padgett's PCRA petition was untimely compel the conclusion that this habeas corpus petition is likewise time-barred. See Brown v. Klem, No. Civ. A. 05-824, 2006 WL 263607, at *6 (E.D. Pa. Feb. 1, 2006).

The petition will accordingly be dismissed.  An appropriate order shall issue.